**OLSHAN FROME WOLOSKY LLP**
Scott Shaffer, Esq.
744 Broad Street, 16th Floor
Newark, New Jersey 07102
Tel: 973.331.7200
     -and-
Park Avenue Tower
65 East 55th Street
New York, NY 10022
Tel: 212.451.2302

Attorneys for Defendants

## IN THE UNITED STATES COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> CURT CLEMENS, ALTERN MARKETING, LLC, and WHOLE BODY RESEARCH, LLC, <br><br> Defendants. | Civil Action No.:_____ <br><br> (previously pending in the Superior Court of New Jersey, Bergen County, Law Division as BER-L-9254-13) <br><br> **NOTICE OF REMOVAL** |

TO:   THE CLERK OF THE COURT AND THE HONORABLE JUDGES OF
        THE UNITED STATES COURT FOR THE DISTRICT OF NEW JERSEY:

   **PLEASE TAKE NOTICE THAT** Defendant Whole Body Research, LLC (hereinafter, "WBR"), by and through the undersigned counsel, hereby removes the above-captioned action from the Superior Court of New Jersey, Bergen County, Law Division to the United States District Court for the District of New Jersey.

   In support of removal, WBR alleges as follows:

2420790-1

## THE REMOVED CLASS ACTION COMPLAINT

1. On or about December 2, 2013, Plaintiff Harold M. Hoffman (hereinafter, "Hoffman" or "Plaintiff"), a licensed attorney in the State of New Jersey, filed on behalf of himself and a class of allegedly similarly situated persons across the nation, a Complaint And Jury Demand In Class Action (hereinafter, "the Class Action Complaint"). The Class Action Complaint named Curt Clemens, Altern Marketing, LLC and WBR as Defendants and was filed in the Superior Court of New Jersey, Bergen County, Law Division. The Class Action Complaint is styled *Harold M. Hoffman, individually and on behalf of those similarly situated v. Curt Clemens, Altern Marketing, LLC and Whole Body Research, LLC*, Docket No. BER-L-9254-13.

2. A true and correct copy of the Summons and Class Action Complaint, the only pleadings served upon Defendant to date, is submitted herewith as Exhibit A.

3. WBR was not served with a copy of the Class Action Complaint until December 4, 2013. Thus, the time for it to remove has not yet expired.

4. The Class Action Complaint contains seven separate counts and alleges Defendants are liable to Hoffman and each class member for allegedly: violating the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1 *et seq.* (hereinafter, "CFA") (Counts I-V); for common law fraud (Count VI); and for unjust enrichment (Count VII). *See generally,* Class Action Complaint.

5. Hoffman alleges that Defendants sold him a dietary supplement known as Garcinia Cambogia for $52 in a manner that violated the CFA and common law. Class Action Complaint at ¶1. WBR denies that it engaged in any wrongdoing or violated any law.

6. Hoffman alleges that Defendants sold their products through a "scam" that was "carried out through misrepresentation and material concealment, whose goal was to dupe consumers into purchasing goods and services, including dietary supplements…" *Id.* at ¶8.

7. The Class Action Complaint alleges that, merely through purchasing Garcinia Cambogia, Hoffman and members of the putative class suffered an ascertainable loss as a result of Defendants' alleged violations of the CFA and common law fraud. *Id.* at ¶¶24-27.

8. Specifically, the Class Action Complaint alleges Hoffman and members of the class suffered ascertainable losses: (1) "in the form of actual out of pocket payment and expenditure, as a result of Defendants' unlawful conduct as aforesaid." *Id.* at ¶24; (2) "when they received, for their money, a product less than, and different from, the product promised by Defendant." *Id.* at ¶26; and (3) when "plaintiff and members of the class received something less than, and different from, what they reasonably expected in view of Defendant's representations." *Id.* at ¶27.

9. In addition, the Class Action Complaint charges Defendants with common law fraud by "deliberately and knowingly engag[ing] in concealment, suppression and/or omission of material facts" resulting in damages to members of the class. *Id. at* ¶53.

10. The Class Action Complaint further alleges that Defendants are liable to Hoffman and each class member for unjust enrichment. *Id.* at ¶¶56-62. Specifically, Hoffman alleges that, "All monies paid by class members to Defendant for the purchase of Defendant's Garcinia Cambogia and other products, including all interest earned by Defendant on such monies while in the wrongful possession thereof, should be disgorged by Defendant and reimbursed to class members under principles of unjust enrichment." *Id.* at ¶61.

11. The Class Action Complaint demands the following relief from Defendants: reimbursement, treble damages, punitive damages, pre-judgment and post-judgment interest, civil penalties pursuant to NJSA 56:8-19, fees, costs, attorney's fees and "any other and further relief as the Court deems just and proper." *Id.*, *passim.*

12. The Class Action Complaint purports to seek certification of a potential class of "all nationwide purchasers of the Product for the six-year period preceding the filing of this suit. *Id.* at ¶29.

## FEDERAL SUBJECT MATER JURISDICTION AND VENUE EXIST

13. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) (hereinafter, "CAFA"). As alleged in the Class Action Complaint and evidenced in the Declaration Of Josh Golder In Support Of Removal (hereinafter, "Golder Decl.") (submitted herewith as Exhibit B):

    a. The action, as filed by Hoffman in the Superior Court of New Jersey, Bergen County, Law Division, is a "class action." Class Action Complaint at ¶29 ("Plaintiff brings this suit as a class action…").;

    b. There is minimal diversity. Specifically, at least one member of the putative class of plaintiffs, namely Hoffman himself, is a citizen of a different state than one defendant;

    c. The amount in controversy exceeds $5,000,000, exclusive of interest and costs, as required by 28 U.S.C. §1332(d)(2); and

    d. There are more than 100 members of the proposed class.

Minimal Diversity Exists

14. Hoffman is a member of the asserted plaintiff class. He is a citizen of the State of New Jersey, Bergen County. Class Action Complaint at ¶6.

15. Both at the time Plaintiff filed the Complaint, and continuing to the present, Defendant WBR was and is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located in the State of California. *Id.* at ¶2.

16. Based on the foregoing, minimal diversity exists because at least one member of the class is a citizen of a different state than Defendant. *See* 28 U.S.C. §1132(d)(2).

The Amount in Controversy Exceeds $5,000,000

17. Although the allegations in the Class Action Complaint purport to disclaim the amount in controversy is less than $5,000,000, removal is nonetheless proper here based upon a fair reading of the Class Action Complaint, this Notice of Removal and the accompanying Golder Declaration.

18. Hoffman's Class Action Complaint does not state an exact sum that he seeks to recover on behalf of the putative class. Instead, he baldly alleges, without reference, that the amount in controversy is less than the $5,000,000 jurisdictional threshold required under CAFA. Class Action Complaint at ¶29. To the extent Hoffman opposes removal, it is he, as the party challenging federal jurisdiction, who bears the burden of proving necessary facts by a preponderance of the evidence to defeat removal. *See Harold Hoffman v. Natural Factors Nutritional Products, Inc.,* Civil Action No. 12-7244(ES), 2013 WL 5467106, at *4 (D.N.J. Sept. 30, 2013).

5

19. Based on the allegations of the Class Action Complaint, there is more than $5,000,000 in controversy, which exceeds the CAFA jurisdictional minimum. *See* 28 U.S.C. §1132(d)(2).

20. The Court may rely upon facts alleged in Defendant's Notice of Removal and other supporting documents, as well as the allegations in the Class Action Complaint. *See Frederico v. Home Depot*, 507 F.3d 188, 97 (3d Cir. 2007) ("to determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court"); *Russ v. Unum Life Ins. Co.,* 442 F.Supp.2d 193, 197 (D.N.J. 2006) ("If the complaint… does not allege a specific amount, the court must perform an independent appraisal of the value of the claim by looking at the petition for removal or any other relevant evidence").

21. Defendants dispute any and all liability and relief claimed whatsoever, under any theory and in any amount alleged in the Class Action Complaint. However, a fair reading of this Notice of Removal and the accompanying Golder Declaration together with the Class Action Complaint itself -- including consideration of the relief sought and the nationwide scope of the class -- necessitates the conclusion that the Class Action Complaint seeks damages exceeding the minimum jurisdictional amount of $5,000,000 under CAFA.

22. The Class Action Complaint alleges ascertainable loss "in the form of actual out of pocket payment and expenditure" for the purchase of the Product, and alleges a claim of unjust enrichment because Plaintiff and the class members purportedly "conferred a benefit" upon Defendants through their purchases of the Product.

6

23. To date, the alleged class period encompasses nationwide sales of Garcinia Cambogia -- and thus consumer out-of-pocket payments -- in excess of 50,000 units in connection with the consumersguides.com website. *See* Golder Decl. at ¶¶ 5-6.

24. Although the sales price of the product has varied at times, the average sales price per unit, inclusive of shipping and handling, exceeds $40. *See* Golder Decl. at ¶¶ 5-6. Thus for the class period defined in the Class Action Complaint, consumers' out-of-pocket payments exceed $2,000,000. *See* Golder Decl. at ¶¶ 5-6.

25. The Class Action Complaint seeks treble damages under each of the five counts asserted under the CFA. Treble damages count towards the jurisdictional minimum analysis. *Lawton v. Basic Research, LLC,* 2011 WL 1321567 at *3 (D.N.J. Apr. 4, 2011).

26. Therefore, the sum of consumers' out-of-pocket payments during the time period in question plus the potentially trebled damages easily exceeds the jurisdictional threshold of $5,000,000.

27. In addition, the Class Action Complaint also seeks punitive damages for alleged common-law fraud. Punitive damages are appropriately considered when calculating the amount-in-controversy. *Frederico, supra*, 507 F.3d at 199. Under New Jersey law, a plaintiff may collect punitive damages of up to <u>five</u> times the amount of compensatory damages. *Id.* (citing N.J.S.A. § 2A:15-5.14(b)).

28. The amount placed in controversy by the Class Action Complaint thus exceeds the jurisdictional threshold for a second independent reason, since the sum of consumers' out-of-pocket payments during the time period in question plus the potential quintuple punitive damages also easily exceeds the jurisdictional threshold of $5,000,000.

2420790-1

29. The Class Action Complaint also seeks an award of attorney's fees, which adds a median of 30%, to the amount in controversy, if not more. *See Frederico*, 507 F.3d at 199. Potential attorney's fees are also to be included in the jurisdictional analysis under CAFA. *Id.*

30. Taking all of the foregoing into account, it appears to a legal certainty that the amount in controversy in this action exceeds the sum or value of $5,000,000, exclusive of interest and costs. The amount in controversy requirement of CAFA has been more than satisfied.

31. This analysis does not even take into consideration other items that may be included in the calculation to determine whether the CAFA threshold has been met. For example, the Class Action Complaint seeks recovery for sales made by Defendants of 25 additional products (which the Class Action Complaint does not identify) besides Garcinia Cambogia. Class Action Complaint at ¶¶ 10, 17, 28, 29.

32. Accordingly, in the event Harold Hoffman identifies any other WBR product, or otherwise challenges the ability of WBR to remove this case to federal court, WBR hereby reserve the right to include additional sales figures for such presently unidentified products in their reply papers. *See* Golder Decl. at ¶8.

<u>There Are More Than 100 Members In The Proposed Class</u>

33. The Class Action Complaint alleges that the "proposed Class consists of all nationwide purchasers of Defendant's Product for the six year period preceding the filing of this suit." Thus, the proposed class includes purchasers of the Product from 2007 to the present. Class Action Complaint at ¶29.

34. Although the Class Action Complaint does not identify the exact size of the proposed class, it meets the definition of a "class action." It alleges that "the Class is comprised

8

2420790-1

of consumers throughout the United States," and that the class is "so numerous that joinder of all members is impracticable." Class Action Complaint at ¶31.

35. Sales figures for Garcinia Cambogia show that the putative class contains more than 100 members. Golder Decl. at ¶6.

## VENUE

36. Venue in the District of New Jersey is proper under 28 U.S.C. §1441(a), because this district embraces Bergen County, New Jersey, where the Complaint was originally filed.

## OTHER REMOVAL REQUIREMENTS ARE SATISFIED

37. As required by 28 U.S.C. §1446(b), a true and correct copy of this Notice of Removal is being served on the Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Superior Court of Bergen County, New Jersey. Submitted herewith as Exhibit C is a Notice of Notice Of Removal which was sent to Hoffman today at the address he provided on the Class Action Complaint via overnight delivery service.

38. Submitted herewith as Exhibit D is a copy of the Notice Of Filing Notice Of Removal To United States District Court.

39. This Notice of Removal is being filed within thirty days after WBR was served with the Complaint.

40. Consent of the remaining Defendants is not necessary for removal. 28 U.S.C. § 1453(b). In any event, the remaining Defendants, upon information and belief, have not yet been properly served with process, so their time to remove this action has not yet even commenced.

9

41.     Defendants have not filed a responsive pleading in the action commenced by Plaintiff in the Superior Court of New Jersey, Bergen County, Law Division, and no other proceedings have transpired in that action.

**WHEREFORE,** Defendant WBR hereby removes the Class Action Complaint, and this action in its entirety, from the Superior Court of New Jersey, Bergen County, Law Division to United States District Court for the District of New Jersey.

Dated:  December 31, 2013

Respectfully submitted,

*/s/ Scott Shaffer*

_____
Scott Shaffer
**OLSHAN FROME WOLOSKY LLP**
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Tel: 212-451-2300
Fax: 212-451-2222
    -and-
744 Broad Street, 16th Floor
Newark, New Jersey 07102
Tel: 973-331-7200
Fax: 973-331-7222

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2, I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, arbitration or administrative proceeding.

Dated: December 31, 2013

*Scott Shaffer*

_____
Scott Shaffer
**OLSHAN FROME WOLOSKY LLP**
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Tel: 212-451-2300
Fax: 212-451-2222
    -and-
744 Broad Street, 16th Floor
Newark, New Jersey 07102
Tel: 973-331-7200
Fax: 973-331-7222

11

2420790-1